11-1364-ag
Yangzom v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand twelve.

PRESENT:   GUIDO CALABRESI,
           GERARD E. LYNCH,
           RAYMOND J. LOHIER, JR.,
                      *Circuit Judges.*

_____

PEMA YANGZOM,
                              *Petitioner*,

              v.                                        No. 11-1364-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                              *Respondent.*

_____

FOR PETITIONER:        IQBAL S. ISHAR, Ishar Law Firm, PC, Great Neck, New York.

FOR RESPONDENT:        JANE T. SCHAFFNER, Trial Attorney, Office of Immigration Litigation (Juria Jones, Luis E. Perez, *on the brief*), *for* Tony West, Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pema Yangzom, a native and citizen of the People's Republic of China, seeks review of a March 10, 2011, order of the BIA affirming the April 8, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her application for asylum and withholding of removal.[*] In re Pema Yangzom, No. A 089 905 961 (B.I.A. March 10, 2011), aff'g No. A 089 905 961 (Immig. Ct. N.Y.C. Apr. 8, 2009). Yangzom concedes removability and does not contest her Chinese citizenship. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA modifies the decision of the IJ, we "review the judgment of the IJ as modified by the BIA's decision – that is, minus the single argument for denying relief that was rejected by the BIA." Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005). We regard administrative findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). A BIA determination of whether an alien is eligible for asylum "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quotation marks omitted). Moreover, in determining whether a reasonable

---

[*] Yangzom also sought relief from the BIA pursuant to the Convention Against Torture, but does not appeal the agency's denial of that request.

2

adjudicator would be compelled to conclude that Yangzom specifically or Chinese Tibetans generally are likely to be subject to future persecution, we can review "only . . . the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A).

We cannot conclude that any reasonable adjudicator would be compelled to conclude that Yangzom has met the requirements for asylum. Yangzom expressed fear of future persecution in China despite not having lived in the country since 1986, and despite not having experienced any personal persecution during the years prior to her departure, based on her activism in India and in the United States. "Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir. 2008). Yangzom has not provided any evidence to make this showing. The BIA thus reasonably determined that Yangzom had not shown that Chinese authorities were aware or were likely to become aware that she attended pro-Tibetan demonstrations in India or elsewhere, or that they would single her out for persecution even if they were aware of this activity.

Yangzom did testify that Chinese officials arrested and beat her father due to his political or religious activities, that she understood his death to have been caused by the resulting injuries, and that the police subsequently questioned her mother regarding Yangzom's whereabouts. Although "an asylum applicant cannot claim past persecution

3

based solely on harm that was inflicted on a family member," Tao Jiang v. Gonzales, 500 F.3d 137, 141 (2d Cir. 2007), we have recognized that "persecution of close family members may support a well-founded fear of future persecution" for the individual, Melgar de Torres v. Reno, 191 F.3d 307, 313 n.2 (2d Cir. 1999).  At any rate, the mistreatment of Yangzom's father, combined with evidence that the authorities were looking for Yangzom herself – based on the discovery of a photograph with Yangzom, her father, and the Dalai Lama that contributed to her father's arrest – might have led a reasonable adjudicator to conclude that her father's death, under these circumstances, created for Yangzom a well-founded fear of future persecution.  But a reasonable adjudicator would not be compelled to reach this conclusion.  Yangzom admitted that she has not spoken to her mother since March 2008, and she offered no evidence to support her claim that Chinese officials currently intend to persecute her.  See Jian Xing Huang v. I.N.S., 421 F.3d 125, 129 (2d Cir. 2005) (a fear is not objectively reasonable if it lacks "solid support" in the record).

In addition to claiming her own individual fear of future persecution due to her pro-Tibetan activities in India, Yangzom also asserts fear regarding her status as a Tibetan Buddhist generally.  In order to establish eligibility for asylum or withholding of removal, an applicant need not "provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if . . . [t]he applicant establishes that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant."  8 C.F.R. § 1208.13(b)(2)(iii); see

4

also 8 C.F.R. § 1208.16(b)(2)(i). However, Yangzom failed to provide any background evidence establishing a pattern or practice of persecution of Tibetan Buddhists in China. Instead, she provided only her own testimony and two single-page letters from U.S.-based non-governmental organizations that make only conclusory assertions. The BIA considered this evidence, but reasonably deemed it insufficient to establish treatment that is "so systemic or pervasive as to amount to a pattern or practice of persecution." Mufied v. Mukasey, 508 F.3d 88, 92 (2d Cir. 2007) (internal quotation marks omitted).

Yangzom recognizes, on appeal, the deficiency of the record evidence in this respect and urges us to take "judicial notice of country conditions in China," including "instances of torture, arbitrary arrest, detention without public trial, and lengthy detention for peacefully expressing their political or religious views." Petitioner's Br. at 11. However, as mentioned, our review of the BIA's determination is restricted only to the record before us. We may, of course, take judicial notice of some adjudicative facts, as we have done in a case cited by Yangzom. See Santoso v. Holder, 580 F.3d 110, 112 (2d Cir. 2009). But in Santoso, we noticed only "that Indonesia is a nation state consisting of approximately 6000 inhabited islands and that, in many places, Roman Catholicism is predominant." Id. We cannot, however, "notice" that the country of China has systemically or pervasively exhibited a pattern of persecution with respect to its Tibetan Buddhist citizens. The burden of presenting such evidence rests with the petitioner, not with the court. See 8 U.S.C. § 1158(b)(1)(B).

5

Finally, as Yangzom has failed to meet her burden of establishing a well-founded fear of persecution or a pattern or practice of persecution, as was necessary to prevail on her asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claim for withholding of removal, as both claims rested on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006).

We have considered Yangzom's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk